IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FOWLER, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant. | Case No. 18-cv-01254-MMC<br><br>**ORDER GRANTING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER; DIRECTING DEFENDANT TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE; SETTING BRIEFING SCHEDULE AND HEARING** |

Before the Court is plaintiffs David Fowler and Colisa McFadden's "Ex Parte Application for Temporary Restraining Order," filed February 27, 2018, by which plaintiffs seek injunctive relief to restrain defendant Wells Fargo Bank, N.A. ("Wells Fargo") from foreclosing upon plaintiffs' real property located in Richmond, California. Having read and considered the papers filed in support of the application, the Court hereby rules as follows.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20; Quiroga v. Chen, 735 F. Supp. 2d 1226, 1223 (D. Nev. 2010) (noting "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions"). Alternatively, under the "sliding scale test," a preliminary injunction is appropriate where

the plaintiff, in addition to establishing he is likely to suffer irreparable harm and that the injunction is in the public interest, establishes that "serious questions going to the merits" exist and that "the balance of hardships tips sharply in [his] favor." See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

Here, with respect to what appears to be plaintiffs' primary claim,[1] namely, plaintiffs' allegation that Wells Fargo violated § 2923.7(b) of the California Civil Code, the Court finds, given the lack of factual detail provided in support of such allegation, plaintiffs have failed to show a likelihood of success on the merits.[2] Nonetheless, the Court finds plaintiffs have made an adequate showing under the alternative sliding scale test.

Accordingly, plaintiffs' application is hereby GRANTED, as follows:

1. Wells Fargo is ordered to show cause, on March 16, 2018, at 9:00 a.m., in Courtroom 7, why an order should not be entered granting plaintiffs a preliminary injunction enjoining Wells Fargo and its agents from foreclosing upon and selling the property located at 2853 Oxford Avenue, Richmond, California, 94806.

2. With respect thereto, the Court sets the following briefing schedule.

    a. Wells Fargo shall file, no later than 5:00 p.m., Wednesday, March 7, 2018, any opposition to plaintiffs' application.

    b. Plaintiffs shall file, no later than 5:00 p.m., Tuesday, March 13, 2018, any reply thereto.

---

[1] Although plaintiffs assert Wells Fargo, in violation of § 2924b(b)(2), did not mail them a copy of the notice of trustee's sale by registered or certified mail at least twenty days before the scheduled sale, and that Wells Fargo, in violation of § 2924f(b)(3), did not post a copy of the notice on their door at least twenty days before scheduled sale, they state they had actual knowledge of the notice twenty days before the scheduled sale. (See McFadden Decl. ¶ 14.) Under such circumstances, any failure by defendant to comply with § 2924b(b)(2) and/or 2924f(b)(3) was "harmless," and, consequently, "is not actionable." See Falcocchia v. Saxon Mortgage, Inc., 709 F. Supp. 2d 860, 870 (E.D. Cal. 2010).

[2] Plaintiffs fail to state, for example, what steps they took to reach Katie Madsen, their assigned point of contact, between November 16, 2017, the date of the second of the two letters on which they rely, and February 8, 2018, the date on which plaintiffs learned of the notice of trustee's sale, and, if they did reach Ms. Madsen, what information they received regarding their appeal.

3. Pending the March 16, 2018, hearing, Wells Fargo and its agents are temporarily restrained from foreclosing upon and selling the above-referenced property.

**IT IS SO ORDERED.**

Dated: February 27, 2018

_____
MAXINE M. CHESNEY
United States District Judge