IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FOWLER, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 18-cv-01254-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING**<br><br>Re: Dkt. No. 35 |

    Before the Court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss, filed August 17, 2018. Plaintiffs David Fowler and Colisa McFadden have filed opposition, to which Wells Fargo has replied. Further, with leave of court, the parties have filed supplemental briefs. Having read and considered the parties' respective written submissions, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for November 16, 2018, and rules as follows.

    In their complaint, plaintiffs assert three Causes of Action, each of which is based on a claim that Wells Fargo has violated the Homeowners' Bill of Rights ("HBOR"), California Civil Code §§ 2923.4 et seq. In the First Cause of Action, plaintiffs allege that Wells Fargo, in violation of § 2924b and § 2924f, failed to provide them "with the requisite notice of [a] trustee's sale or the recording of a [t]rustee's sale." (See Compl. ¶ 13.) In the Second Cause of Action, plaintiffs allege that Wells Fargo, in violation of § 2923.7, "fail[ed] to provide [p]laintiffs with an adequate single point of contact while they were seeking a loan modification as an alternative to foreclosure." (See Compl. ¶ 30.) In the Third Cause of Action, plaintiffs allege that Wells Fargo, in violation of § 17200 of the

California Business and Professions Code, engaged in "unlawful business practices" when it assertedly violated the HBOR provisions on which the First and Second Causes of Action are based. (See Compl. ¶¶ 32, 37-38.)

In support of the instant motion, Wells Fargo argues that plaintiffs' claims are preempted by the Home Owners' Loan Act ("HOLA"), specifically, by 12 C.F.R. § 560.2. Under § 560.2, "federal savings associations may extend credit as authorized under federal law, . . . without regard to state laws purporting to regulate or otherwise affect their credit activities," see 12 C.F.R. § 560.2(a), including, for example, "state laws purporting to impose requirements regarding . . . [t]he terms of credit, . . . including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan" and the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages," see 12 C.F.R. § 560.2(b).

There is no dispute that World Savings Bank, the entity that originated plaintiffs' mortgage, was a federal savings association, and that, had plaintiffs' claims been asserted against World Savings Bank, they would be preempted by HOLA. See, e.g., Metzger v. Wells Fargo Bank, N.A., 2014 WL 1689278, at *6 (C.D. Cal. April 28, 2014) (holding "[b]ecause [HBOR] is a state law that attempts to regulate federal savings banks and their lending and servicing activities, it is exactly the sort of statute that is proscribed by the HOLA") (collecting cases); see also Marquez v. Wells Fargo Bank, N.A., 2013 WL 5141689, at *5-6 (N.D. Cal. September 13, 2013) (finding HBOR claims, as well as § 17200 claim "entirely derivative" of HBOR claims, preempted by HOLA). Likewise, there is no dispute that, after World Savings Bank originated plaintiffs' loan, Wells Fargo acquired plaintiffs' mortgage, and that Wells Fargo, which is alleged to have engaged in the conduct plaintiffs assert violated HBOR, is not a federal saving association, but, rather, a national bank.

//
//

The question before the Court is whether, as one district court put it, HOLA preemption "travel[s] with the loan" or, alternatively, with "the lender." See Villareal v. Seneca Mortgage Services, 2015 WL 2374288, at *3-5 (E.D. Cal. May 18, 2015). Stated otherwise, the question presented is whether "the status of the originator of the loan determines the applicability of HOLA to a particular loan, rather than the status of the current holder/servicer of the loan." See id. A number of district courts have addressed the issue, some finding that a national bank acquiring a mortgage loan originated by a federal savings association may not assert HOLA preemption as a defense, at least where, as here, the national bank is alleged to have engaged in the challenged conduct, while others have found such successor national bank may rely on HOLA preemption even where the claims are, as here, allegedly based on its own conduct. See Griffin v. Green Tree Servicing, LLC, 166 F. Supp. 3d 1030, 1042-44 (C.D. Cal. 2015) (summarizing split of authority; collecting cases).

The Court having read and considered the respective cases cited by the parties, as well as the authorities cited therein, finds more persuasive the cases holding the status of the originator of the loan determines the applicability of HOLA preemption, and not the status of the current holder or servicer of the loan. In particular, as those courts have explained, "part of HOLA's intent was to preserve the ability of federal savings organizations to sell mortgages that they originate under a uniform federal system," see Villareal, 2015 WL at *3 (internal quotation and citation omitted) (collecting cases), and that applying "state law to a mortgage could decrease the marketability of the mortgage by subjecting the debt obligation to different legal requirements if it were sold to a non-federal savings bank buyer," see id.; see also Metzger, 2014 WL at *4 (noting "the marketability of a mortgage in the secondary market is critical to a savings and loan, for it thereby can sell mortgages to obtain funds to make additional home loans") (internal quotation and citation omitted).

Moreover, courts are required to give "controlling weight" to the Office of Thrift Supervision's ("OTS") interpretation of § 560.2, see Silvas v. E*Trade Mortgage Corp.,

3

514 F.3d 1001, 1005 n.1 (9th Cir. 2008),[1] and the OTS, citing § 560.2, has opined that "those who purchase or are assigned loans originated by a federal savings association would be subject only to the same claims and defenses that would apply to the federal savings association that originated the loan." See OTS Opinion Letter, P-2003-5 (July 22, 2003). Consistent therewith, the OTS, in addressing the scope of preemption under § 560.2, has cited with approval the opinion of its predecessor that "preemption would exist regardless of whether the loans in question are sold by the federal association to a third party." See OTS Opinion Letter, P-98-13 (November 17, 1998) (quoting Federal Home Loan Bank Board Opinion Letter (August 13, 1985).)[2] Further, it is readily apparent that the OTS's opinions are not intended to be limited to a situation in which the successor is being sued for the pre-sale conduct of the originating federal savings association. Rather, the opinions therein are given in response to inquiries phrased without reference, in any manner, to which entity, i.e., originator or successor, engaged or may engage in the conduct governed by the state statutes about which those inquiries were made. See OTS Opinion Letter, P-2003-5 at 1; OTS Opinion Letter, P-98-13 at 1 and attachment 2 at 3.

Accordingly, plaintiffs' claims are subject to dismissal as preempted by HOLA.

The Court also finds dismissal is proper for a separate reason. Specifically, as Wells Fargo argues, plaintiffs contractually agreed to application of HOLA. In particular, the Deed of Trust[3] contains the following provision, which applies not only to World Savings Bank but to its "successors and/or assignees" as well (see Def.'s Req. for

---

[1] As the Ninth Circuit has explained, "[t]hrough HOLA, Congress gave the Office of Thrift Supervision ('OTS') broad authority to issue regulations governing thrifts," i.e. federal savings associations, and, pursuant to such authority, the OTS promulgated § 560.2. See id. at 1005.

[2] The Court takes judicial notice of the OTS's opinion letters. See Interstate Nat'l Gas Co. v. Southern California Gas Co., 209 F.2d 380, 385 (9th Cir. 1954) (holding courts "may take judicial notice of records and reports of administrative bodies").

[3] The Court grants defendant's request, unopposed by plaintiffs, to take judicial notice of the terms of the Deed of Trust.

4

Judicial Notice Ex. A at 1):

> This Security Instrument and the Secured Notes shall be governed by and construed under federal law and regulations, including those for federally chartered savings institutions ("Federal Law") and, to the extent Federal Law does not apply, by the law of the jurisdiction on which the Property is located.

(See id. at 9.)

A number of courts have considered the above-quoted provision and likewise found it constitutes an agreement by the parties thereto to be bound by HOLA. See, e.g., Metzger, 2014 WL at *4; Marquez, 2013 WL 5141689, at *4; Babb v. Wachovia Mortgage, FSB, 2013 WL 3985001, at *4 (C.D. Cal. July 26, 2013). Although plaintiffs rely on the last clause of said provision, the Court finds such clause does no more than make clear which state's law governs any claims that are not preempted by HOLA, for example, a claim alleging the mortgagor breached the terms of the mortgage or engaged in fraud. See In re Ocwen Loan Servicing LLC Mortgage Servicing Litig., 491 F.3d 638, 643-44 (7th Cir. 2007) (noting HOLA "does not deprive persons harmed by the wrongful acts of savings and loan associations of their basic common-law-type remedies"; citing examples of state laws not preempted by HOLA).

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is hereby GRANTED, and plaintiffs' claims are hereby DISMISSED without leave to amend.

**IT IS SO ORDERED.**

Dated: November 14, 2018

MAXINE M. CHESNEY
United States District Judge

5