1

2

3    IN THE UNITED STATES DISTRICT COURT

4    FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6    DAVID FOWLER, et al.,                    Case No. 18-cv-01254-MMC

7              Plaintiffs,                    **ORDER DENYING IN PART AND
                                              DEFERRING RULING IN PART ON
8         v.                                  MOTION FOR RELIEF FROM
                                              JUDGMENT AND ORDER GRANTING
9    WELLS FARGO BANK, N.A.,                  MOTION TO DISMISS**

10             Defendant.

11

12        Before the Court is plaintiff David Fowler and Colisa McFadden's Motion, filed

13   December 14, 2018, "for Relief from Judgment and Order Granting Defendant's Motion to

14   Dismiss Plaintiffs' Complaint."  Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has

15   filed opposition, to which plaintiffs have replied.  Having read and considered the papers

16   filed in support of and in opposition to the motion,[1] the Court rules as follows.[2]

17        By order filed November 14, 2018, the Court granted Wells Fargo's motion to

18   dismiss plaintiffs' complaint and dismissed plaintiffs' claims without leave to amend, after

19   which, on December 7, 2018, the Clerk of Court entered judgment.  In the instant motion,

20   plaintiffs assert that, as a result of excusable neglect on the part of plaintiffs' counsel,

21   plaintiffs failed to make certain arguments in their opposition to the motion to dismiss,

22   which arguments they now ask the Court to consider.

23        In their complaint, plaintiffs alleged the following three causes of action:  (1) the

24   _____

25        [1]Plaintiffs failed to provide the Court with a chambers copy of their reply.
     Nonetheless, the Court has considered it.  For future reference, plaintiffs are reminded
26   that, pursuant to Civil Local Rule 5-1(e)(7) and the Court's Standing Orders, parties are
     required to provide for use in chambers one paper copy of each document that is filed
27   electronically.

28        [2]By order filed January 15, 2019, the Court took the matter under submission.

First Cause of Action, titled "Violation of Cal. Civil Code § 2924, et seq.," by which plaintiffs alleged Wells Fargo "caused a Notice of Trustee's Sale to be recorded" (<u>see</u> Compl. ¶ 9), but failed to "post a copy of the Notice of Trustee's Sale to [p]laintiffs' door" (<u>see</u> Compl. ¶ 14) and "mail the Notice of Trustee's Sale to [p]laintiffs via certified or registered mail" at least "20 days before the date of the sale" (<u>see</u> Compl. ¶ 15); (2) the Second Cause of Action, titled "Violation of Cal. Civil Code § 2923.7," by which plaintiffs alleged Wells Fargo failed to "adequately advise [p]laintiffs of the status of their application [for a loan modification]" (<u>see</u> Compl. ¶ 29), failed to "ensure that [p]laintiffs were considered for all foreclosure prevention alternatives" (<u>see</u> <u>id.</u>), and failed to "provide [p]laintiffs with an adequate single point of contact" (<u>see</u> Compl. ¶ 30); and (3) the Third Cause of Action, titled "Unfair Competition – Violation of Business and Professions Code §§ 17200 et seq.," by which plaintiffs alleged the conduct on which they based the First and Second Causes of Action constituted "unlawful business practices" (<u>see</u> Compl. ¶ 32) and "unfair business practices" (<u>see</u> Compl. ¶¶ 37-38).

In its motion to dismiss, Wells Fargo argued that plaintiffs' claims were, <u>inter</u> <u>alia</u>, preempted by the Home Owners' Loan Act ("HOLA"), and the Court, in its order of dismissal, agreed. Plaintiffs, relying on Rule 60(b)(1), argue that, as a result of a mistake they assert is excusable, they failed to argue in their opposition that HOLA does not preempt their First Cause of Action.[3] <u>See</u> Fed. R. Civ. P. 60(b)(1) (providing court may relieve party from judgment due to "mistake, inadvertence, surprise, or excusable neglect").

Plaintiffs fail to cite any authority providing that a party's failure to make a legal argument, where such argument is not based on a change of law or newly discovered evidence, can constitute the type of omission sufficient to set aside a judgment, and, as Wells Fargo points out, not only policy considerations, but existing authority as well,

---

[3]Instead, plaintiffs, in their opposition, argued that national banks, such as Wells Fargo, could not rely on HOLA.

1  counsel against allowing a party to do so.  See, e.g., Castillo-Antonio v. Iqbal, 2017 WL

2  3335682, at *3-4 (N.D. Cal. August 4, 2017) (holding motion to set aside order granting

3  summary judgment cannot be based on argument that movant's counsel, in opposing

4  motion for summary judgment, failed to make argument counsel could have made).

5        In any event, in this instance, it would be futile to set aside the judgment and order

6  of dismissal as to the First Cause of Action.  Specifically, as Wells Fargo points out,

7  courts that have considered the issue have found, and this Court agrees, that statutory

8  claims challenging the manner in which a mortgagor provides notice of a trustee's sale

9  are preempted by HOLA.  See DeLeon v. Wells Fargo Bank, 729 F. Supp. 2d 1119,

10  1121, 1126 (N.D. Cal. 2010) (finding claim under § 2924b, alleging mortgagees "never

11  received notice of a trustee's sale and that the notice of such a sale never was posted on

12  the [p]roperty," preempted by HOLA); Stefan v. Wachovia, 2009 WL 4730904, at *3

13  (December 7, 2009) (finding claims challenging defendant's "initiation of the state

14  foreclosure process under California Civil Code § 2924" preempted by HOLA); see also

15  Frausto v. ING Bank, FSB, 2013 WL 12097535, at *6 (S.D. Cal. September 16, 2013)

16  (holding claim for fraudulent concealment, where plaintiff alleged duty to disclose arose

17  from defendant's failure to comply with duties set forth in § 2924b, preempted by HOLA).

18        Moreover, even if not preempted, the First Cause of Action is subject to dismissal.

19  In particular, plaintiffs, in their complaint, acknowledged they had received a copy of the

20  Notice of Trustee's Sale twenty days before the scheduled sale (see Compl. ¶¶ 9-10),

21  and, as explained in an earlier order issued by the Court, "any failure by defendant to

22  comply with § 2924b(b)(2) and/or 2924f(b)(3) was 'harmless,' and, consequently, 'is not

23  actionable.'"  (See Order, filed February 27, 2018, at 2:23-25 (quoting Falcocchia v.

24  Saxon Mortgage, Inc., 709 F. Supp. 2d 860, 870 (E.D. Cal. 2010))); see also Lehner v.

25  United States, 685 F.2d 1187, 1190-91 (9th Cir. 1982) (holding plaintiff failed to state

26  cognizable claim alleging defendant United States mailed notice of foreclosure sale to

27  "wrong address," where plaintiff had received actual notice of pending sale during

28  "repeated conversations" with "government officials").

1    Accordingly, to the extent plaintiffs seek an order setting aside the judgment and

2    order of dismissal as to the First Cause of Action, the motion will be denied.

3    Plaintiffs' remaining argument is that, as a result of excusable neglect, they failed

4    to request leave to amend and, consequently, at this time seek leave to "add claims."

5    (See Pls.' Mem. of P. & A. at 3:24-25.)  Plaintiffs have not, however, submitted a

6    proposed amended complaint, see Civil L.R. 10-1 (providing party "moving to file an

7    amended pleading must reproduce the entire proposed pleading"), nor have plaintiffs

8    otherwise advised the Court as to the nature of any proposed new claims they believe

9    they could add.  Under such circumstances, the Court cannot determine whether leave to

10   amend would be futile.  Nonetheless, the Court will defer ruling on this portion of plaintiffs'

11   motion and afford plaintiffs an opportunity to supplement their motion with a proposed

12   amended complaint.

### CONCLUSION

13   For the reasons stated:

15   1.  To the extent plaintiffs seek an order vacating the judgment and order of

16   dismissal as to the First Cause of Action, the motion is hereby DENIED.

17   2.  To the extent plaintiffs seek an order vacating the judgment and order of

18   dismissal for the purpose of allowing plaintiffs to file an amended complaint, the Court

19   hereby DEFERS ruling.  Specifically, plaintiffs may file, no later than February 8, 2019, a

20   proposed amended complaint, along with a supplemental brief, not to exceed five pages

21   in length, in support of their request to amend.  If plaintiffs file such proposed amended

22   pleading, Wells Fargo shall file, no later than February 22, 2019, any response thereto,

23   not to exceed five pages in length.  As of February 22, 2019, unless the parties are

24   otherwise advised, the deferred portion of plaintiffs' motion will be deemed submitted.

25   **IT IS SO ORDERED.**

27   Dated: January 18, 2019

MAXINE M. CHESNEY
United States District Judge

4