IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FOWLER, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>WELLS FARGO BANK, N.A.,<br>　　　　Defendant. | Case No. 18-cv-01254-MMC<br><br>**ORDER GRANTING DEFERRED PORTION OF MOTION FOR RELIEF FROM JUDGMENT; SETTING ASIDE JUDGMENT; AFFORDING PLAINTIFFS LEAVE TO AMEND**<br><br>Re: Dkt. No. 56 |

By order filed January 18, 2019, the Court denied in part and deferred in part ruling on plaintiffs "Motion for Relief from Judgment and Order Granting Defendant's Motion to Dismiss Plaintiffs' Complaint." Specifically, the Court denied the motion to the extent plaintiffs argued they were entitled to an order vacating the judgment for purposes of setting aside the Court's order dismissing the First Cause of Action alleged in the Complaint; the Court deferred ruling on plaintiffs' alternative request that the judgment be vacated for purposes of affording plaintiffs leave to amend to assert new claims, and afforded plaintiffs leave to file a proposed amended complaint.

Now before the Court is plaintiffs' Proposed First Amended Complaint ("Proposed FAC"), along with plaintiffs' supplemental brief in support thereof, as well as defendant's supplemental opposition. Having read and considered the parties' respective filings, the Court rules as follows.

Plaintiffs seek relief under Rule 60(b)(1) of the Federal Rules of Civil Procedure, which provides that a court, upon a showing of "excusable neglect," may "relieve a party . . . from a final judgment." See Fed. R. Civ. P. 60(b). "Neglect," as used in Rule 60(b)(1), means "negligence, carelessness [or] inadvertent mistake." See Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997). In this instance, the Court

1  finds the failure of plaintiffs' counsel to request leave to amend to assert new claims, as
2  part of their opposition to defendant's motion to dismiss, was the result of inadvertent
3  mistake or carelessness. The Court next turns to the issue of whether such neglect is
4  excusable.

The determination of whether a party's neglect is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." See Pioneer Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993). In that regard, a district court must consider "the danger of prejudice to the [non-moving party], the length of the delay [caused by the movant's neglect] and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." See id.

Here, there is no showing as to bad faith, and the length of the delay is short; accordingly, these two factors weigh in support of affording plaintiffs relief. Although, as defendant points out, plaintiffs do not expressly explain the reason for the delay, this factor weighs only slightly against affording plaintiffs relief, due to the short length of time, one month, between the Court's dismissal of the complaint and the filing of the instant motion. As to the danger of prejudice, however, the Court agrees with defendant that if a proposed amendment would be futile, affording plaintiffs relief from the judgment would needlessly prolong the litigation. Consequently, the remaining issue is whether the amendment proposed here would be futile. See Kilaita v. Wells Fargo Home Mortgage, 2012 WL 3309661, at *2 (N.D. Cal. August 13, 2012) (stating, where plaintiffs seeking leave to reopen case for purposes of amendment failed to identify viable claim, "[t]he court is not inclined to allow pointless litigation which does nothing more than result in unnecessary expenses"). As to that remaining issue, the Court, for the reasons set forth below, finds the claims alleged in plaintiffs' Proposed FAC are deficient, but that plaintiffs may be able to cure the deficiencies.

In the Proposed FAC, plaintiffs allege they applied for a loan modification that was

2

1  denied on October 6, 2017, the denial being "based in part, on [defendant's] belief that
2  [p]laintiffs' property was worth $540,000." (See Proposed FAC ¶¶ 2-3.) Plaintiffs further
3  allege the denial, in addition to stating plaintiffs "were eligible for a short sale or deed in
4  lieu," advised plaintiffs they could submit, no later than November 11, 2017, an appeal.
5  (See Proposed FAC ¶ 3.) According to plaintiffs, they submitted a timely appeal in which
6  they "indicated their belief that the property was worth only $400,000." (See Proposed
7  FAC ¶ 4.)

Plaintiffs allege that, thereafter, they received three letters from defendant. The first letter, dated November 14, 2017, stated the appeal had been "sent to [d]efendant's underwriting team" and that "a decision on the appeal" would be made by December 9, 2017. (See Proposed FAC ¶ 5.) The second, also dated November 14, 2017, stated defendant had "conducted a preliminary review . . . based on the estimated value" plaintiffs had provided, that its "preliminary test show[ed] the result may be positive if the property value [plaintiffs] provided [was] accurate," that a "new appraisal" was necessary, and that plaintiffs needed to "send a $200.00 deposit towards the cost of the appraisal within 15 calendar days." (See Proposed FAC ¶ 6.) The third letter, dated November 16, 2017, i.e., just two days later, stated that, "[a]fter carefully reviewing the information [defendant] currently [had]," defendant "determined [plaintiffs] still [did] not meet the requirements for a loan modification." (See Proposed FAC ¶ 8.) Plaintiffs allege they were "perplexed by the inconsistencies" of the last two of the above-referenced letters, that they attempted without success to "reach their single point of contact," and that the employees they were able to contact all stated plaintiffs could not submit a modification application "unless their monthly income had changed." (See Proposed FAC ¶ 8.) Thereafter, according to plaintiffs, defendant, on January 5, 2018, "caused a Notice of Trustee's Sale to be recorded." (See Proposed FAC ¶ 9.)[1]

Based on the allegations set forth above, plaintiffs propose to assert four causes

---

[1] Plaintiffs do not allege a Trustee's Sale has been conducted.

3

of action, titled, respectively, "Promissory Estoppel," "Intentional Misrepresentation," "Negligent Misrepresentation," and "Unfair Business Practices Under Cal. Bus. & Prof. Code § 17200, et seq."

Turning first to plaintiffs' proposed fraud claims, i.e., their claims for intentional and negligent misrepresentation,[2] the Court finds the claims, as proposed in the FAC, are deficient for two reasons.

First, the claims do not comply with Rule 9(b) of the Federal Rules of Civil Procedure, which requires a party alleging "fraud" to "state with particularity the circumstances constituting fraud." See Fed. R. Civ. P. 9(b). Here, in the Proposed FAC, plaintiffs fail to allege the "specific content" of the representations on which they rely. See Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (holding Rule 9(b) "requires . . . an account of the time, place, and specific content of the false representations"). Rather, plaintiffs rely on what is, at best, paraphrasing of statements allegedly made. See Wenger v. Lumisys, Inc., 2 Fed. Supp. 2nd 1231, 1246-47 (N.D. Cal. 1998) (holding allegations "paraphras[ing]" statements asserted to be fraudulent "lack[ ] the specificity required by Rule 9(b)" (citing cases)).[3] Plaintiffs also fail to allege facts to support a finding that any representation was false at the time it was made, or facts to support a finding that defendant, at the time it made any alleged promise, did not intend to keep it. See United States ex rel. Swoben v. United Healthcare Ins. Co., 848 F.3d 1161, 1180

---

[2] Under California law, negligent misrepresentation is a species of fraud, and, as such, is subject to Rule 9(b). See Kelley v. Rambus, Inc., 384 Fed. Appx. 570, 573 (9th Cir. 2010); see also Cal. Civil Code § 1710 (defining "deceit" as, inter alia, "assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true").

[3] Although plaintiffs allege the letter dated October 6, 2017, contained a "misrepresentation" that defendant "would consider [p]laintiffs' appeal" (see Proposed FAC ¶ 17), said letter includes no such statement nor does it contain the word "consider" (see McFadden Decl., filed February 27, 2018, Ex. A). Further, although plaintiffs allege that one of the letters dated November 14, 2017, contained a "misrepresentation" that defendant "would reevaluate [p]laintiffs' loan modification application based on a new property value" (see Proposed FAC ¶ 18), neither letter dated November 14, 2017 contains such a statement (see McFadden Decl. ¶¶ D, E).

4

1  (9th Cir. 2016) (holding Rule 9(b) requires allegations specifying "what is false or
2  misleading about a statement, and why it is false"); Fecht v. Price Co., 70 F.3d 1078,
3  1082 (9th Cir. 1995) (holding plaintiff must "plead evidentiary facts" that establish
4  "statement was untrue or misleading when made").[4]

Additionally, plaintiffs fail to sufficiently plead reliance. Although plaintiffs, in conclusory fashion, allege that, "[i]n choosing to appeal the decision, [p]laintiffs gave up their ability to apply for a short sale or deed in lieu" (see Proposed FAC ¶ 4), plaintiffs fail to allege facts to support such assertion. Moreover, the last of the above-referenced letters states that "[i]f [plaintiffs] were already approved to participate in a short sale," such option was "still available to [plaintiffs]." (See McFadden Decl. Ex. E.)

Plaintiffs' claim alleging promissory estoppel is deficient for similar reasons. Although a promissory estoppel claim is not subject to Rule 9(b), as such claim does not require a showing that the "promisor [knew] of the falsity when making the promise," see Aceves v. U.S. Bank, N.A., 192 Cal. App. 4th 218, 231 (2011), plaintiffs are required to allege facts to support a finding that "a promise clear and unambiguous in its terms" was made and that plaintiffs "reasonably relied" thereon, see Flintco Pacific, Inc. v. TEC Management Consultants, Inc., 1 Cal. App. 5th 727, 734 (2016) (setting forth elements of promissory estoppel claim). Plaintiffs, by the use of paraphrasing, have failed to sufficiently allege defendant made a clear and unambiguous promise or promises, and, as discussed above, plaintiffs have failed to sufficiently allege reliance thereon.

Lastly, plaintiffs' proposed § 17200 claim is deficient. To the extent the claim is derivative of the proposed fraud and promissory estoppel claims (see Proposed FAC ¶¶ 29-30), it is deficient for the reasons stated above. To the extent the claim is based on

---

[4]To the extent plaintiffs are relying solely on nonperformance, such reliance is unavailing, as the failure to keep a promise, without more, is insufficient as a matter of law. See Tenzer v. Superscope, Inc., 39 Cal. 3d 18, 30 (1985) (rejecting argument that "subsequent failure to perform as promised warrants the inference that defendant did not intend to perform when [it] made the promise"; holding "something more than nonperformance is required").

5

1 alleged violations of the California Homeowner Bill of Rights ("HBOR") and § 2924 of the
2 California Civil Code (see Proposed FAC ¶¶ 31-33), it is deficient for the reasons stated
3 in the Court's orders of November 14, 2018, and January 18, 2019, specifically, that said
4 claims are preempted by the Home Owner's Loan Act and, as to the § 2924 claim,
5 subject to dismissal without leave to amend on additional grounds.

As, with one exception,[5] the deficiencies identified above are, at least potentially, curable and defendant has not shown that allowing plaintiffs an opportunity to do so would result in cognizable prejudice, see Kilaita, 2012 WL 3309661, at *2 (finding "time and expense associated with continued litigation" carry little weight in prejudice analysis), the Court will set aside the judgment for purposes of allowing plaintiffs to file an FAC that does not contain said deficiencies. See Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service Inc., 911 F.2d 242, 247 (9th Cir. 1990) (holding "district court should grant leave to amend even if no request is made, unless it determines that the pleading could not possibly be cured by the allegations of other facts"); see also TCI Group Life Ins. Plan v. Koebber, 244 F.3d 691, 701 (9th Cir. 2001) (holding, for purposes of Rule 60(b)(1), delay, "to be considered prejudicial, ... must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion") (internal quotation and citation omitted).

## CONCLUSION

For the reasons stated above, plaintiffs' motion to set aside the judgment is hereby GRANTED, and plaintiffs are hereby afforded leave to file, no later than April 19, 2019, a Revised First Amended Complaint.

**IT IS SO ORDERED.**

Dated: March 26, 2019

MAXINE M. CHESNEY
United States District Judge

---

[5]To the extent the proposed § 17200 claim is based on violations of HBOR and § 2924, any amendment thereto would be futile.