IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FOWLER, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant. | Case No. 18-cv-01254-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; DISMISSING FIRST AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND** |

Before the Court is defendant Wells Fargo Bank, N.A.'s Motion, filed May 3, 2019, "to Dismiss Plaintiffs' First Amended Complaint Pursuant to FRCP 12(b)(6)." Plaintiffs David Fowler and Colisa McFadden have filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

Plaintiffs, former owners of a residence in Richmond, California, assert claims arising out of defendant's alleged "unlawful conduct concerning the mortgage loan secured by the property." (See First Amended Complaint ("FAC") second ¶ 1.)[2]

In their initial complaint, plaintiffs alleged three causes of action: (1) a First Cause of Action, titled "Violation of Cal. Civil Code § 2924, et seq.," by which plaintiffs alleged

---

[1] By order filed June 11, 2019, the Court took the matter under submission.

[2] The FAC includes two paragraphs denominated "1," as well as two paragraphs denominated "2," "3," "4," "5," "6," and "7."

1  defendant "caused a Notice of Trustee's Sale to be recorded" (see Compl. ¶ 9) but failed
2  to "post a copy of the Notice of Trustee's Sale to [p]laintiffs' door" (see Compl. ¶ 14) and
3  "mail the Notice of Trustee's Sale to [p]laintiffs via certified or registered mail" at least "20
4  days before the date of the sale" (see Compl. ¶ 15); (2) a Second Cause of Action, titled
5  "Violation of Cal. Civil Code § 2923.7," by which plaintiffs alleged defendant failed to
6  "adequately advise [p]laintiffs of the status of their application [for a loan modification]"
7  (see Compl. ¶ 29), failed to "ensure that [p]laintiffs were considered for all foreclosure
8  prevention alternatives" (see id.), and failed to "provide [p]laintiffs with an adequate single
9  point of contact" (see Compl. ¶ 30); and (3) a Third Cause of Action, titled "Unfair
10 Competition – Violation of Business and Professions Code §§ 17200 et seq.," by which
11 plaintiffs alleged the conduct on which they based the First and Second Causes of Action
12 constituted "unlawful business practices" (see Compl. ¶ 32) and "unfair business
13 practices" (see Compl. ¶¶ 37-38).
14      By order filed November 14, 2018, the Court granted defendant's motion to
15 dismiss the initial complaint and dismissed the claims alleged therein without leave to
16 amend, finding the claims were preempted by the Home Owners' Loan Act ("HOLA"),
17 whereupon the Clerk of Court entered judgment in favor of defendant.
18      Thereafter, plaintiffs sought leave to file an amended complaint consisting of
19 claims not preempted by HOLA, and, in support thereof, submitted a Proposed First
20 Amended Complaint ("Proposed FAC").  The Proposed FAC consisted of four causes of
21 action, titled, respectively, "Promissory Estoppel," "Intentional Misrepresentation,"
22 "Negligent Misrepresentation," and "Unfair Business Practices Under Cal. Bus. & Prof.
23 Code § 17200, et seq."  Said claims were based on the theory, described in more detail
24 below, that, following defendant's denial of plaintiffs' application for a loan modification,
25 defendant acted wrongfully in the manner in which it handled plaintiffs' appeal from said
26 denial.
27      By order filed March 26, 2019 (hereinafter, "March 26 Order"), the Court, although
28 finding the Proposed FAC failed to state a cognizable claim, set aside the judgment and

afforded plaintiffs leave to file, if they could do so, an amended complaint that cured the deficiencies in the Proposed FAC that were identified by the Court in said order.

On April 19, 2019, plaintiffs filed their FAC, alleging, with various additional allegations, the same four causes of action asserted in the Proposed FAC.

In the FAC, plaintiffs allege they applied to defendant for a loan modification (see FAC second ¶ 2), and that, on October 6, 2017, defendant sent them a letter in which it stated the application had been denied "based on the results of [plaintiffs'] net present value (NPV) calculation" (see FAC second ¶ 3).[3] According to plaintiffs, the letter stated such determination was "based in part, on [defendant's] belief that [p]laintiffs' property was worth $540,000." (See FAC, second ¶ 3.) Plaintiffs allege the letter, in addition to stating plaintiffs "were eligible for a short sale or deed in lieu,"[4] advised plaintiffs they could submit, no later than November 11, 2017, an appeal. (See id.) According to plaintiffs, they submitted a timely appeal in which they "indicated their belief that the property was worth only $400,000." (See FAC second ¶ 4.)

Plaintiffs allege they thereafter received three letters from defendant. According to plaintiffs, the first such letter, dated November 14, 2017, stated the appeal had been "sent" to defendant's "underwriting team" and that "there would be a decision on the appeal by December 9, 2017." (See FAC second ¶ 5.) The second letter, a copy of which is attached to the FAC and also dated November 14, 2017, stated defendant had

---

[3] "The NPV is essentially an accounting calculation to determine whether it is more profitable to modify the loan or allow the loan to go into foreclosure." Williams v. Geithner, 2009 WL 3757380, at *3 n.3 (D. Minn. November 9, 2009). "The calculation compares the probability that the mortgage defaults and the estimated loss to the servicer given foreclosure with the cash flow generated if the loan is modified." Id. Under federal law, "[s]ervicers are permitted to customize the NPV model to fit their unique loan portfolios." See id.

[4] In a "short sale," the "borrower sells the home to a third party for an amount that falls short of the outstanding loan balance; the lender agrees to release its lien on the property to facilitate the sale; and the borrower agrees to give all the proceeds to the lender." See Coker v. JPMorgan Chase Bank, N.A., 62 Cal. 4th 667, 673 (2016). A "deed in lieu" is a "deed given by the [borrower] to the [lender] to avoid the inconveniences suffered on both sides by a formal foreclosure." See Decon Group, Inc. v. Prudential Mortgage Capital Co., 227 Cal. App. 4th 665, 670 (2014).

3

1  "conducted a preliminary review of [plaintiffs'] loan based on the estimated value
2  [plaintiffs] provided," that defendant's "preliminary test show[ed] the result may be
3  positive if the property value [plaintiffs] provided [was] accurate," that, "to reevaluate
4  [plaintiffs'] loan for a modification based on a new property value, [defendant] need[ed] to
5  request a new appraisal," and that plaintiffs were required to "send a $200.00 deposit
6  towards the cost of the appraisal within 15 calendar days." (See FAC second ¶ 6; Ex. A.)
7  The third letter, a copy of which is attached to the FAC and dated November 16, 2017,
8  i.e., two days after the dates of the above-referenced letters, stated that, "[a]fter carefully
9  reviewing the information [defendant] currently [had]," defendant "determined [plaintiffs]
10 still [did] not meet the requirements for a loan modification" (see FAC second ¶ 7; Ex. B),
11 which denial, plaintiffs allege, occurred "before [d]efendant had conducted the appraisal"
12 (see FAC ¶ 8).

Plaintiffs allege that they were "perplexed by the inconsistencies" of the last two of the above-referenced letters, that they "were unable to reach their single point of contact to discuss the inconsistencies," and that the "representatives" of defendant with whom they did speak told them that, "without a change in income," defendant "would not review another loan modification application." (See id.) According to plaintiffs, defendant, on January 5, 2018, "caused a Notice of Trustee's Sale to be recorded against [p]laintiffs' property" and that a "Trustee's Sale ultimately took place" (see FAC ¶ 9); specifically, the property was sold on January 2, 2019 (see Def.'s Req. for Judicial Notice Ex. E at 2).[5]

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

---

[5] The Court hereby GRANTS defendant's request, unopposed by plaintiffs, that the Court take judicial notice of the Trustee's Deed Upon Sale, filed with the Contra Costa County Recorder Office on January 10, 2019. See, e.g., Varbel v. Mortgage Electronic Registration Systems Inc., 509 Fed. Appx. 658, 659 (9th Cir. 2013) (granting request for judicial notice of deed upon sale to determine date on which sale occurred).

1  699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of
2  the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v.
3  Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a
4  complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual
5  allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his
6  entitlement to relief requires more than labels and conclusions, and a formulaic recitation
7  of the elements of a cause of action will not do." See id. (internal quotation, citation, and
8  alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

By the instant motion, defendant argues plaintiffs have failed to cure the deficiencies identified in the March 26 Order.

**A. Fraud Claims**

In the March 26 Order, the Court found plaintiffs' fraud claims, i.e., their claims for intentional and negligent misrepresentation,[6] as pleaded in the Proposed FAC, were deficient for three reasons. First, plaintiffs failed to comply with Rule 9(b) of the Federal

---

[6] As explained in the Court's March 26 Order, under California law, negligent misrepresentation is a species of fraud. See Kelley v. Rambus, Inc., 384 Fed. Appx. 570, 573 (9th Cir. 2010); see also Cal. Civil Code § 1710 (defining "deceit" as, inter alia, "assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true").

5

Rules of Civil Procedure because they failed to allege the "specific content" of the representations on which they relied, see Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (setting forth requirements for pleading fraud); instead, plaintiffs had pleaded what, at best, were paraphrasings of statements. Second, plaintiffs failed to comply with Rule 9(b) because they failed to allege facts to support a finding that the representations on which they relied were false at the time they were made. See Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995) (holding plaintiff must "plead evidentiary facts" that establish "statement was untrue or misleading when made"). Third, plaintiffs failed to plead facts to support a finding that they relied to their detriment on the subject representations. See Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1105 (9th Cir. 2003) (holding "indispensable elements of a fraud claim" include "justifiable reliance" on challenged representation); Beckwith v. Dahl, 205 Cal. App. 4th 1039, 1062 (2012) (holding "plaintiff's actual and justifiable reliance on the defendant's misrepresentation must have caused him to take a detrimental course of action").

In the FAC, plaintiffs, as they did in the Proposed FAC, base their fraud claims on two representations by Wells Fargo, one made in the above-referenced letter dated October 6, 2017, and the second in one of the two letters dated November 14, 2017.

The Court next considers whether plaintiffs, in realleging their fraud claims in the FAC, have cured the deficiencies identified by the Court in its March 26 Order.

**1. Letter Dated October 6, 2017**

To the extent the fraud claims are based on a representation made in the letter dated October 6, 2017, plaintiffs, as defendant acknowledges, have cured the first of the above-referenced deficiencies. Specifically, plaintiffs allege that, in said letter in which plaintiffs were advised of their right to appeal the denial of their application for a loan modification, Katie Madsen ("Madsen"), plaintiffs' "single point of contact" (see FAC second ¶ 3) stated: "We'll review your appeal request" (see FAC ¶¶ 17, 24).

Plaintiffs have failed, however, to allege facts to support a finding that said representation was false at any time, let alone at the time it was made. Indeed, the letter

dated November 16, 2017, and submitted by plaintiffs, makes clear defendant reviewed plaintiffs' appeal request; in particular, the letter states:

> In response to your appeal request, we reviewed the decision that was made about your mortgage.
>
> Here's what we found.
>
> After carefully reviewing the information we currently have, we have determined that you still do not meet the requirements for a loan modification.

(See FAC Ex. B.)

In any event, even if defendant ultimately had not reviewed the appeal request, plaintiffs fail, as they did in the Proposed FAC, to allege any facts to show Madsen's statement was false at the time she made it. See Tenzer v. Superscope, Inc., 39 Cal. 3d 18, 30 (1985) (rejecting argument that "subsequent failure to perform as promised warrants the inference that defendant did not intend to perform when [it] made the promise"; holding "something more than nonperformance is required").

Moreover, plaintiffs have failed to include facts to support a finding that they relied to their detriment by submitting an appeal request, as plaintiffs again fail to allege any facts to support a finding that, by submitting such request, they lost the ability or otherwise were unable to pursue other options, such as a conducting a short sale or giving defendant a deed in lieu of a foreclosure.[7]

Accordingly, to the extent the fraud claims are based on the statement "[w]e'll review your appeal request," the claims are subject to dismissal.

**2. Letter Dated November 14, 2017**

To the extent the fraud claims are based on a representation in another letter, the Court finds plaintiffs have cured the first of the deficiencies identified in the March 26 Order. In particular, although plaintiffs, as they did in the Proposed FAC, repeat their

---

[7]Although plaintiffs allege they "spent November 2017 to January 2018" attempting to get defendant to reconsider its decision denying reconsideration (see FAC ¶ 19), plaintiffs do not allege such activities precluded them from pursuing other alternatives to foreclosure.

7

earlier allegation that Madsen told them defendant "would reevaluate [their] loan modification application based on a new property value" (see FAC ¶ 18; Proposed FAC ¶ 18), they now identify the first November 14 letter as the document in which such statement allegedly was made. As set forth below, however, plaintiffs have again failed to plead a cognizable claim.

To the extent the letter refers to a "new property value," it states as follows:

> We conducted a preliminary review of your loan based on the estimated property value you provided to us. Our preliminary test shows the result may be positive if the property value you provided is accurate. In order for us to reevaluate your loan for a modification based on a new property value, we'll need to request a new appraisal for your property.
> . . .
> After the appraisal is complete, we will send you a copy. Once we receive our copy, we'll evaluate your loan and notify you of the results.

(See FAC Ex. A.) Shortly thereafter, defendant, apparently on grounds other than a possible decrease in the value of the property, denied the appeal. (See FAC Ex. B (stating appeal request was denied based on material defendant "currently" had); ¶ 8 (alleging that when plaintiff asked defendant for further explanation for denial of appeal, defendant's employees advised plaintiffs "a change in income" was required in order for defendant to "review another loan modification application").)

Assuming the letter reasonably can be interpreted as a promise by defendant that it would not make a decision on plaintiffs' appeal request until after defendant obtained an appraisal, and further assuming any such promise was material,[8] plaintiffs have failed to plead facts to support a finding that they relied to their detriment on any such promise, as, for the reasons stated above with respect to the statement "[w]e'll review your appeal request," plaintiffs do not allege facts to show they lost the ability or otherwise were unable to pursue other options to foreclosure.

---

[8]The letter did not state that, if the appraisal established the property's value had decreased to the level asserted by plaintiffs, defendant would agree to a loan modification; rather, the letter stated defendant might agree to a modification. (See FAC Ex. A) ("[T]he result may be positive if the property value you provided is accurate.").)

8

1    Accordingly, to the extent the fraud claims are based on a promise to reevaluate
2    based on a new property value, the claims are subject to dismissal.

### B. Claim Alleging Promissory Estoppel

In the March 26 Order, the Court found plaintiffs' claim for promissory estoppel, as pleaded in the Proposed FAC, was deficient for two reasons. First, plaintiffs, by paraphrasing the statements on which they relied, failed to sufficiently allege defendant made a "clear and unambiguous" promise or promises; second, plaintiffs failed to allege facts to support a finding that they "reasonably relied" on any such promise. See Flintco Pacific, Inc. v. TEC Management Consultants, Inc., 1 Cal. App. 5th 727, 734 (2016) (setting forth elements of promissory estoppel claim).

In the FAC, plaintiffs, as they did in the Proposed FAC, base their claim for promissory estoppel on the same representations on which they base their fraud claims.

Although plaintiffs have now sufficiently identified the specific statements on which they rely, plaintiffs, as set forth above with respect to the fraud claims, have failed to cure the remaining deficiency, specifically, the absence of facts to support a finding of detrimental reliance. See Flintco Pacific, Inc. v. TEC Management Consultants, Inc., 1 Cal. App. 5th 727, 734 (2016) (listing, as element of promissory estoppel claim, "reasonable and foreseeable" reliance to claimant's "detriment").

Accordingly, plaintiffs' claim for promissory estoppel is subject to dismissal.

### C. § 17200 Claim

In the March 26 Order, the Court found plaintiffs' claim alleging a violation of § 17200, as pleaded in the Proposed FAC, was deficient because it was wholly derivative of proposed new claims that were themselves subject to dismissal or claims in the initial complaint that had been dismissed without leave to amend.

The § 17200 claim alleged in the FAC is in part derivative of the fraud and promissory estoppel claims alleged therein (see FAC ¶¶ 29-31), and, to such extent, is deficient for the reasons stated above. The remaining part of the ¶ 17200 claim is derivative of claims alleged in the initial complaint, specifically, claims alleging violations

of § 2923.7 and § 2924 of the California Civil Code (see FAC ¶¶ 32-33; see also Compl. ¶¶ 14-15, 20-21, 30), and, to such extent, is deficient for the reasons stated in the Court's orders of November 14, 2018, and January 18, 2019, specifically, that said claims are preempted by HOLA and, as to the § 2924 claim, subject to dismissal without leave to amend on additional grounds.

Accordingly, the § 17200 claim is subject to dismissal

**D. Further Leave to Amend**

In their opposition, plaintiffs request further leave to amend in the event the FAC is dismissed. As plaintiffs have had three opportunities to allege cognizable claims, and have not asserted in their opposition any additional facts they could allege that would suffice to state a cognizable claim for fraud, for promissory estoppel, or for a violation of § 17200, further leave to amend will be denied. See Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1052 (9th Cir. 2008) (holding leave to amend properly denied, where plaintiffs "fail[ ] to state what additional facts they would plead if given leave to amend"); see also Metzler Investment GmbH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1072 (9th Cir. 2008) (holding "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" and where same deficiency was present in prior version of complaint).

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss the FAC is hereby GRANTED, and the FAC is DISMISSED without further leave to amend.

**IT IS SO ORDERED.**

Dated: June 17, 2019

MAXINE M. CHESNEY
United States District Judge